This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Gary Brown, appeals from a decision of the Wayne County Court of Common Pleas, which ordered him to pay child support in the amount of $423 per month. We vacate the trial court's decision and remand for further proceedings consistent with this opinion.
 I.
{¶ 2} Gary Brown married Victoria Brown, n.k.a. Victoria Musselman, in March 1979. The couple had two children, Chelsie, born April 15, 1983, and Benjamin, born June 3, 1985. The couple's marriage ended in dissolution in 1989. At that time, Gary and Victoria had joint custody of the children, with each child spending alternating weeks with each parent, and Gary paid child support in the amount of $30 per week, per child. In April 1996, the amount of child support to be paid by Gary was adjusted to reflect that Victoria had then become Chelsie's primary residential parent. Gary's child support obligation was calculated at $277.33 per month, per child. The couple maintained joint custody of Benjamin.
{¶ 3} In June 2001, Gary's child support obligation for Chelsie was terminated when she became emancipated, and Gary's child support obligation for Benjamin remained at $277.33 per month. In September 2001, the Child Support Enforcement Agency ("CSEA") recommended increasing the obligation to $479.64 per month. The CSEA hearing officer was unwilling to grant Gary a 50% parenting time deviation from the child support calculation worksheet, noting that such a deviation would result in a support obligation of $157.60 per month and that a deviation in that amount would be unjust. Gary contested the hearing officer's finding, and a hearing was held before a magistrate. The magistrate recommended granting Gary credit for one-half child, resulting in a calculation of child support of $423 per month. Gary timely objected to the magistrate's decision on two grounds: (1) that a child support computation worksheet was not made a part of the trial court's record, and (2) that he was entitled to a deviation for parenting time and for significant in-kind contributions. The trial court remanded the matter to the magistrate for consideration of the issues.
{¶ 4} The magistrate found that a child support computation worksheet was a part of the record. The magistrate further found that Gary had been granted a deviation from the child support calculation worksheet. The magistrate noted that joint custody, Gary's additional contributions to the child, and Victoria's payment of uninsured expenses for the child were all considered by the magistrate when granting the credit for one-half child. The trial court overruled Gary's objections, and Gary was ordered to pay child support in the amount of $423 per month. This appeal followed.
 II. First Assignment of Error
{¶ 5} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FAILED TO GRANT AN APPROPRIATE DEVIATION FROM THE CHILD SUPPORT CALCULATION GUIDELINES PURSUANT TO OHIO REVISED CODE § 3119.23(D) AND § 3119.23(J) WHEN IT MODIFIED DEFENDANT'S CHILD SUPPORT OBLIGATION."
{¶ 6} In his sole assignment of error, Gary challenges the trial court's ruling on his objection to the magistrate's decision regarding the calculation of his child support obligation. Gary asserts that the trial court failed to consider parenting time under R.C. 3119.23(D) and significant in-kind contributions under R.C. 3119.23(J). Because we find that the trial court erred in the preparation of the child support calculation worksheet, we vacate the trial court's order, which ordered Gary to pay $423 per month in child support, and we remand the case to the trial court for the recalculation of Gary's child support obligation.
{¶ 7} It is well established that a trial court's decision regarding child support obligations falls within the discretion of the trial court and will not be disturbed absent a showing of an abuse of discretion. Pauly v. Pauly (1997), 80 Ohio St.3d 386, 390, citing Boothv. Booth (1989), 44 Ohio St.3d 142, 144. An abuse of discretion is more than merely an error of judgment; it connotes a decision that is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Berk v. Matthews (1990), 53 Ohio St.3d 161, 169.
{¶ 8} R.C. 3119.02 governs the calculation of a party's child support obligation. It provides that the amount of child support shall be calculated "in accordance with the basic child support schedule, the applicable worksheet, and the other provisions of sections 3119.02 to3119.24 of the Revised Code." The basic child support schedule is codified at R.C. 3119.021, which provides the amount of child support to be paid, based upon the combined gross income of the parents. R.C. 3119.022
provides the content and form for the child support computation worksheet applicable to situations where one parent is the residential parent or where the parties have shared parenting.
{¶ 9} The amount of child support calculated pursuant to the basic child support schedule and applicable worksheet is "rebuttably presumed" to be the correct amount of child support due. R.C. 3119.03. However, R.C. 3119.22 allows a court to order child support in an amount that deviates from the calculation obtained from the schedule and worksheet "if, after considering the factors and criteria set forth in section3119.23 of the Revised Code, the court determines that the amount calculated *** would be unjust or inappropriate and would not be in the best interest of the child." Thus, the determination to deviate from the amount calculated from the worksheet is twofold; the court must find that the amount would be unjust or inappropriate and determine that the amount would not be in the best interest of the child. See, e.g., Paton v.Paton (2001), 91 Ohio St.3d 94, 96. In addition, when the court determines that a deviation is warranted, the court must journalize "the amount of child support calculated pursuant to the basic child support schedule and the applicable worksheet ***, its determination that that amount would be unjust or inappropriate and would not be in the best interest of the child, and findings of fact supporting that determination." R.C. 3119.22. See, also, Paton, 91 Ohio St.3d at 96, quoting former R.C. 3113.215(B)(2)(c)(ii) and citing Marker v. Grimm
(1992), 65 Ohio St.3d 139, paragraph three of the syllabus.
{¶ 10} In this case, Gary asserts that he is entitled to a deviation because Benjamin resides with each parent on alternating weeks and due to Gary's significant in-kind contributions, such as paying for Benjamin's school lunches and purchasing school supplies and clothing. Gary admits that the trial court adjusted his annual gross salary by $1425, which the trial court considered to be a credit for one-half child. However, this Court notes that the adjustment to Gary's salary in this manner was contrary to R.C. Chapter 3119.
{¶ 11} The trial court stated that, in being consistent with prior orders, it factored into Gary's calculation a 50% credit for another child. The court noted that this effectively gave Gary credit for one-half child. The court adjusted Gary's annual income by deducting $1425 on Line 8 of the child support computation worksheet, which provides for a deduction from a parent's annual salary for other children born to that parent and another person, when the child resides with that parent. See R.C. 3119.05; R.C. 3119.022.
{¶ 12} R.C. 3119.022 describes the deduction on Line 8 on the computation worksheet as an "[a]djustment for minor children born to or adopted by either parent and another parent who are living with this parent; adjustment does not apply to stepchildren[.]" R.C. 3119.05(C) further explains this deduction:
{¶ 13} "If other minor children who were born to the parent and a person other than the other parent who is involved in the immediate child support determination live with the parent, the court *** shall deduct an amount from that parent's gross income that equals the number of such minor children times the federal income tax exemption for such children less child support received for them for the year, not exceeding the federal income tax exemption." (Emphasis added.)
{¶ 14} Accordingly, Line 8 of the child support calculation worksheet is used to deduct the federal exemption from the parent's annual income for other minor children born to this parent and another person. See Sheard v. Sheard (Dec. 20, 1999), 12th Dist. No. CA99-06-115;Caniglia v. Caniglia (May 15, 2000), 12th Dist. No. CA99-10-180; Frenchv. Burkhart (May 22, 2000), 5th Dist. No. 99CAF07038. Line 8 does not provide any sort of adjustment concerning the child to which the child support order pertains. Moreover, a Line 8 deduction is not an appropriate way of calculating a deviation for the amount of the child support obligation; instead, the court makes a determination to order a deviation after the court first calculates the actual annual obligation. R.C. 3119.22. See, also, Pauly v. Pauly (1997), 80 Ohio St.3d 386, 389. If the court then determines that a deviation is warranted, it must follow the mandate of R.C. 3119.22 and journalize the amount of support calculated, that such an amount would be unjust or inappropriate and not in the best interest of the child, and the factual findings which support the determination.
{¶ 15} We therefore find that the trial court abused its discretion when it acted contrary to R.C. Chapter 3119 by adjusting Gary's salary through a Line 8 deduction in an apparent attempt to grant him a deviation from the amount of child support calculated pursuant to the applicable worksheet and schedule.
{¶ 16} Accordingly, Gary's assignment of error is sustained solely to the extent that the trial court erred in its preparation of the child support calculation worksheet and the subsequent calculation of Gary's child support obligation. Therefore, we vacate the trial court's judgment ordering Gary to pay $423 per month in child support and remand for further proceedings consistent with this opinion. In remanding this matter to the trial court, we note that we take no position at this time as to whether the trial court should order a deviation in the calculation of Gary's amount of child support.
 III.
{¶ 17} The assignment of error is sustained to the extent that the trial court erred in its calculation of child support. Accordingly, the judgment of the Wayne County Court of Common Pleas is vacated, and the cause remanded for further proceedings.
SLABY, P.J. and BATCHELDER, J. CONCUR.